US DISTRICT COURT
WESTERN DIST ARKANSAS
FILED

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF ARKANSAS
### FAYETTEVILLE DIVISION

FEB 2 5 2015

CHRIS R. JOHNSON, Clerk
By
Deputy Clerk

| | |
|---|---|
| **David Hyatt**, individually and on behalf of all others similarly situated, ) ) ) | Case No.: 15-5056 TLB |
| Plaintiff, ) ) | |
| v. ) ) | **COMPLAINT - CLASS ACTION** |
| **J.B. Hunt Transport Services, Inc.,** ) an Arkansas corporation, and ) **J.B. Hunt Transport, Inc.,** ) a Georgia corporation, ) ) | |
| Defendants. ) | |

---

## CLASS ACTION COMPLAINT AND JURY DEMAND

---

Plaintiff David Hyatt ("Plaintiff" or "Hyatt"), by and through his undersigned attorney,

for his Class Action Complaint against Defendant J.B. Hunt Transport Services, Inc., an

Arkansas corporation, and Defendant J.B. Hunt Transport, Inc., a Georgia corporation,

(collectively "J.B. Hunt"), alleges as follows upon personal knowledge as to himself and his own

acts and experiences, and, as to all other matters, upon information and belief, including

investigation conducted by his attorneys:

### INTRODUCTION

1.      Plaintiff, individually and as Class representative for all similarly situated persons

in the United States who have received autodialed or artificial or prerecorded phone calls to their

cell phones made by J.B. Hunt without giving their prior express consent, brings this action

1

against J.B. Hunt for violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq. ("TCPA").

## PARTIES

2.    Plaintiff Hyatt is a citizen of Tennessee with his domicile in Knoxville, Tennessee.

3.    J.B. Hunt Transport Services, Inc. is an Arkansas corporation with its principal office located at 615 J.B. Hunt Corporate Drive, Lowell, Arkansas 72745. Its principal office is located in Benton County, Arkansas.

4.    J.B. Hunt Transport, Inc. is a Georgia corporation with its principal office located at 615 J.B. Hunt Corporate Drive, Lowell, Arkansas 72745. Its principal office is located in Benton County, Arkansas

## JURISDICTION AND VENUE

5.    Subject Matter Jurisdiction. This Court has subject matter jurisdiction over Plaintiff's TCPA claims pursuant to 28 U.S.C. § 1331 because Plaintiff's TCPA claims arise under the laws of the United States and raise a question of federal law, specifically 47 U.S.C. § 227.

6.    Personal Jurisdiction. This Court has personal jurisdiction over J.B. Hunt because it conducts significant amounts of business transactions within this District, and because the wrongful conduct giving rise to this case occurred in, was districted to, and/or emanated from this District. J.B. Hunt is registered to do business in this District, made or caused to be made the calls that are challenged as having been made in violation of the TCPA from, in, and within this District. Further, J.B. Hunt's principal place of business is in this District.

7.     Venue. Venue is proper in this District under 28 U.S.C. § 1391(b) because J.B. Hunt conducts significant amounts of business transactions within this District, because the wrongful conduct giving rise to this case occurred in, was districted to, and/or emanated from this District, and because J.B. Hunt's principal place of business is in this District.

### THE TELEPHONE CONSUMER PROTECTION ACT OF 1991, 47 U.S.C. § 227

8.     In 1991, Congress enacted the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA") in response to a growing number of consumer complaints regarding certain telemarketing practices.

9.     The TCPA makes it unlawful "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice to any telephone number assigned to a . . . cellular telephone service." 47 U.S.C. § 227(b)(1)(A). The TCPA provides a private cause of action to persons who receive calls in violation of 47 U.S.C. § 227(b)(1)(A). *See* 47 U.S.C. § 227(b)(3).

10.     In making the calls at issue in this Complaint, J.B. Hunt, and/or its agents utilized an automatic telephone dialing system ("ATDS"). Specifically, the hardware and software used by J.B. Hunt and/or its agents has the capacity to generate and store random numbers, or receive and store lists of telephone numbers, and to dial those numbers, *en masse*, in an automated fashion without human intervention. The automated dialing equipment also is, or includes features substantially similar to, a predictive dialer, meaning that it is capable of making numerous phone calls simultaneously and automatically connecting answered calls to then available callers or recordings and disconnecting the rest of the calls (or placing them on hold).

### FACTUAL ALLEGATIONS

11.     J.B. Hunt is one of the largest transportation companies in the United States with annual revenues over $3 billion. It primarily operates large semi-trailer trucks and provides transportation services throughout the continental United States, Canada, and Mexico.

12.     J.B. Hunt employs over 16,000 people and operates over 12,000 trucks. It has over 47,000 trailers and containers in its fleet.

13.     J.B. Hunt repeatedly calls the cellular telephones of persons who possess Commercial Drivers Licenses ("CDL").

14.      Hyatt has a CDL and has received multiple calls on his cellular telephone from J.B. Hunt or from a third party on behalf of and for J.B. Hunt's benefit. Some of the calls have been received from telephone number (888) 251-0355, a number owned or operated by J.B. Hunt.

15.     Plaintiff and the other class member never provided oral or written prior express consent to J.B. Hunt to call them on their cellphones using autodialing equipment or an artificial or pre-recorded voice and do not presently know how J.B. Hunt obtained their cellphone numbers (or how it claims any prior express consent was obtained). Discovery is needed to uncover such facts, which are peculiarly within J.B. Hunt's knowledge and control.

16.     On information and belief, J.B. Hunt further fails to maintain any written record of such consent for making such calls to Plaintiff or the other class members.

17.     On more than one occasion when he has received such calls, Plaintiff answered the call placed by J.B. Hunt and informed J.B. Hunt that he no longer wished to receive calls. He also has placed his cellular telephone number on the national Do Not Call List. Nevertheless, J.B. Hunt has ignored Plaintiff's request to not be called and continued to place calls to his cellular telephone without his consent.

18.     On information and belief, J.B. Hunt makes calls from other phone numbers that it owns for the same purpose as the purpose for the calls it placed to Plaintiff, having obtained the cellphone numbers and supposed prior express consent to call such numbers in the same way it obtained Plaintiffs phone number (and supposed prior express consent to call his cellphone).

19.     The cellular telephone number at which Plaintiff received the calls had been assigned to Plaintiff's cellular telephone for more than 15 days and had not been ported to his cellular telephone from a landline.

20.     Plaintiff is not and has never been an employee of J.B. Hunt, has never applied for employment with J.B. Hunt, and has never provided his cellular telephone number to J.B. Hunt for any purpose whatsoever at any time prior to the filing of the Complaint in this action.

21.     All calls made by J.B. Hunt (or any third party acting on J.B. Hunt's behalf, for J.B. Hunt's benefit, and/or at J.B. Hunt's control) to Plaintiff were made using an "automatic telephone dialing system" (ATDS) as defined by 47 U.S.C. § 227(a)(2). The specific type of ATDS used is particularly within the J.B. Hunt's (or any relevant third party's) knowledge.

22.     On information and belief, J.B. Hunt's ATDS uses a random or sequential number generator to store or produce telephone numbers to be called and has the present capacity to dial such numbers. J.B. Hunt's ATDS can also automatically, without human intervention, dial telephone numbers from a list or database of numbers.

23.     Plaintiff did not provide J.B. Hunt any prior express consent to receive calls to his cellular telephone using an ATDS or an artificial or prerecorded voice.

**CLASS ACTION ALLEGATIONS**

5

24.     Class Definition: In accordance with Federal Rule of Civil Procedure 23, Plaintiff

brings this case as a class action on behalf of a Class and Do Not Call Subclass of persons

defined as follows:

> **Class:** All persons in the United States who: (1) received at least one non-emergency telephone call, (2) on their cellphone, (3) at any time from February 23, 2011 to the present, (4) that was made by J.B. Hunt or by a third party acting at the direction and/or for the benefit of J.B. Hunt, (5) through the use of an automated telephone dialing system or an artificial or pre-recorded voice where (6) J.B. Hunt claims it obtained prior express consent to call the persons in the same manner by which it claims it obtained prior express consent to call Plaintiff.

> **Do Not Call Subclass:** All members of the Class above who were called by the J.B. Hunt after informing J.B. Hunt that they did not want to be called again by J.B. Hunt in the future.

Excluded from the Class is J.B. Hunt, any entity in which J.B. Hunt has a controlling

interest or that has a controlling interest in J.B. Hunt, and J.B. Hunt's legal representatives,

assignees, and successors. Also excluded are any judge to whom this case is assigned and any

member of the judge's immediate family. Plaintiff anticipates the potential need to amend the

class definition following appropriate discovery.

25.     Numerosity. The exact number of Class members is unknown and not available to

Plaintiff at this time, but it is clear that individual joinder is impracticable. On information and

belief, J.B. Hunt has made telephone calls to hundreds if not thousands of consumers who fall

into the definition of the Class. Members of the Class can be identified through J.B. Hunt's

records.

26.     Commonality. There are numerous questions of law and fact common to Plaintiff

and members of the Class for which a class proceeding would provide common answers and that

are susceptible to common proof. These common questions of law and fact include, but are not

limited to, the following:

a.    Whether J.B. Hunt violated 47 U.S.C. § 227;

b.    Whether J.B. Hunt knowingly and/or willfully violated 47 U.S.C. § 227 (thus entitling Plaintiff and the Class to treble damages);

c.    Whether a third party made the calls on behalf of J.B. Hunt, whether J.B. Hunt received the benefits of those calls, and whether J.B. Hunt had authority or control over the content of the calls or the manner by which they were made;

d.    Whether J.B. Hunt ever secured prior express consent to call Plaintiff or the other Class members using an ATDS or artificial or prerecorded voice and, if so, whether J.B. Hunt has any written record of such consent;

e.    Whether J.B. Hunt should be enjoined from violating the TCPA in the future; and

f.    Whether J.B. Hunt continued to call Class members after they had informed J.B. Hunt that they did not want to receive such calls.

27.    Typicality. Plaintiff's claims are typical of the claims of the Class and Subclass members. Plaintiff's claims, like the claims of the Class and Subclass members, arise out of the same common course of conduct by J.B. Hunt and are based on the same legal and remedial theories, namely that J.B. Hunt lacked consent to call the people it called where it obtained the person's phone number and supposed consent to call the person in the same manner it used to obtain Plaintiff's phone number and supposed prior express consent to call Plaintiff.

28.    Adequacy. Plaintiff will fairly and adequately protect the interests of the Class and Subclass. Plaintiff is a member of the Class and Subclass and has retained competent and capable attorneys with significant experience in class action litigation, including consumer class actions and TCPA class actions. Plaintiff and his counsel are committed to prosecuting this

action vigorously on behalf of the Class and Subclass and have the financial resources to do so. Neither Plaintiff nor his counsel has interests that are contrary to or that conflict with those of the proposed Class and Subclass members.

29.     Declaratory and Injunctive Relief. J.B. Hunt has acted or refused to act on substantially similar grounds with respect to the Class and Subclass as respective wholes such that injunctive relief and corresponding declaratory relief are appropriate. In no case did J.B. Hunt properly obtain prior express consent, and J.B. Hunt routinely called persons who specifically asked not to be called.

30.     Predominance. J.B. Hunt has engaged in a common course of conduct toward Plaintiff and members of the Classes. The common issues arising from this conduct that affect Plaintiff and members of the Classes predominate over any individual issues. Hundreds or thousands of individual trials on the central issues of whether J.B. Hunt used an auto-dialer, whether J.B. Hunt can be held liable under the TCPA, and whether Class members supplied J.B. Hunt with consent to call similarly situated consumers are unnecessary, would waste judicial resources, and would lead to inconsistent adjudications. Instead, adjudication of these common issues in a single action has important and desirable advantages of judicial economy and would meaningfully advance the litigation with respect to each Class and Subclass member.

31.     Superiority and Manageability. A class action is superior to all other methods for the fair and efficient adjudication of this controversy. Class-wide relief is essential to compel J.B. Hunt to comply with the TCPA. The interest of individual members of the Class and Subclass in individually controlling the prosecution of separate claims against J.B. Hunt is small because the statutory damages in an individual action for violation of the TCPA are minute in comparison to the relief available in a class proceeding. Management of these claims is likely to

present significantly fewer difficulties than are presented in many class claims because the calls

at issue are all automated and consent was obtained in the same way. Class treatment is superior

to multiple individual suits or piecemeal litigation because it conserves judicial resources,

promotes consistency and efficiency of adjudication, provides a forum for small claimants, and

deters illegal activities. There will be no significant difficulty in the management of this case as a

class action.

**COUNT ONE**
**Violation of 47 U.S.C. § 227 *et seq.***
**(On behalf of Plaintiff and the Class)**

32.     Plaintiff realleges and incorporates by reference each and every allegation set

forth in the preceding paragraphs.

33.     The foregoing acts and omissions of J.B. Hunt and/or its affiliates, agents and/or

other persons or entities acting on J.B. Hunt's behalf including J.B. Hunt's use of an ATDS to

repeatedly call cellphone owners of persons without prior express consent to do so, constitute

numerous and multiple violations of the TCPA, 47 U.S.C. § 227(b)(1)(A).

34.     Such calls harassed and annoyed Plaintiff, invaded Plaintiff's privacy, and caused

Plaintiff damage in that it diminished his allotment of cellphone minutes and/or data.

35.     As a result of such violations of the TCPA, 47 U.S.C. § 227(b)(1)(A), Plaintiff

and members of the Class are entitled to an award of $500 in statutory damages for each and

every call in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B) plus costs and

reasonable attorneys' fees.

36.     Plaintiff and members of the Class are also entitled to and do seek injunctive

relief prohibiting J.B. Hunt and/or its agents, affiliates, and/or other persons or entities acting on

J.B. Hunt's behalf from violating the TCPA, 47 U.S.C. § 227(b)(1)(A), in the future plus costs and reasonable attorneys' fees.

## COUNT TWO
### Violation of 47 U.S.C. § 227 *et seq.*
### (On behalf of Plaintiff and the Do Not Call Subclass)

37.     Plaintiff realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

38.     The foregoing acts and omissions of J.B. Hunt and/or its affiliates, agents and/or other persons or entities acting on J.B. Hunt's behalf including specifically J.B. Hunt's continued calling of persons after they've requested for the calls to stop and J.B. Hunt's failure to reasonably prepare and maintain an appropriate Do Not Call list constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227(b)(1)(A).

39.     Such calls made after Plaintiff's request not to be called harassed and annoyed Plaintiff, invaded Plaintiff's privacy, and caused Plaintiff damage in that it diminished his allotment of cellphone minutes and/or data.

40.     As a result of such violations of the TCPA, 47 U.S.C. § 227(b)(1)(A), Plaintiff and members of the Class are entitled to an award of $500 in statutory damages for each and every call in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B) plus costs and reasonable attorneys' fees.

41.     Plaintiff and members of the Class are also entitled to and do seek injunctive relief prohibiting J.B. Hunt and/or its agents, affiliates, and/or other persons or entities acting on J.B. Hunt's behalf from violating the TCPA, 47 U.S.C. § 227(b)(1)(A), in the future plus costs and reasonable attorneys' fees

## COUNT THREE
### Willful Violation of 47 U.S.C. § 227 *et seq.*
### (On behalf of Plaintiff and the Class)

42.     In the alternative, J.B. Hunt's actions in making calls without first obtaining prior express consent willfully violated the TCPA.

43.     Likewise, J.B. Hunt's actions in calling Plaintiff and others who had asked not to be called in the future willfully violated the TCPA.

44.     As a result of such willful violations of the TCPA, 47 U.S.C. § 227(b)(1)(A), Plaintiff and members of the Class are entitled to an award of $1,500 in statutory damages for each and every willful call in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, on his own behalf and on behalf of the members of the Class, prays for judgment against J.B. Hunt as follows:

A.     Certification of the proposed Class;

B.     Appointing Plaintiff as representative of the Class;

C.     Appointing the undersigned counsel as counsel for the Class;

D.     Declaring that J.B. Hunt and/or its affiliates, agents and/or other related entities' actions complained of herein violate the TCPA;

E.     Enjoining J.B. Hunt and/or its affiliates, agents and/or other related entities, as provided by law, from engaging in the unlawful conduct set forth herein;

F.     Awarding Plaintiff and the Class actual, statutory, compensatory and exemplary damages;

G.     Awarding treble damages for willful violations as set forth in Count III, as allowed by law;

11

H.      Awarding Plaintiff and the Classes attorneys' fees and costs on all claims, as allowed by law and/or equity;

J.      Granting such other and further relief as the Court deems necessary, just, and proper.

**JURY DEMAND**

Plaintiff demands trial by jury on all issues so triable.


Dated: February 23, 2015                    Respectfully submitted,


By: /s/   D. Westbrook Doss, Jr._____

D. Westbrook Doss, Jr.
west@dosslaw.biz
The Doss Law Firm
121 North School Avenue
Fayetteville, AR 72701
Tel: 479.303.5500

Steven L. Woodrow*
swoodrow@woodrowpeluso.com
Patrick H. Peluso*
ppeluso@woodrowpeluso.com
Woodrow & Peluso, LLC
3900 East Mexico Avenue, Ste. 300
Denver, Colorado 80210
Tel: 720.213.0675
Fax: 303.927.0809

*Attorneys for Plaintiff and the Putative Class*

*Pro Hac Vice* Application to be filed